CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

Johnnie McCarthan III 1009599
Plaintiff

V.

Fulton County Jail
Theodore Jackson
Arthur Lewis Stinson 1124869
Defendants "John Doe" that don't know.

1 11-CV-2654

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 10 2011

JAMES N. HATTEN, CLERK
By: Deputy Clerk

I. Previous Lawsuits?

A. No

II. Exhaustion of Administrative Remedies.

A. Place of Present Confinement: Fulton County Jail

II. Exhaustion of Administrative Remedies (cont'd)

B. Is there a prisoner grievance procedure in this institution?

Yes

II. Exhaustion of Administrative Remedies (cont'd)

C. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes

D. If your answer is Yes:

What steps did you take and what were the results?

1. File my grievance related to the following matters with facts on the date the incidents occured.

2. File my grievance an attempt to resolve but grievance office or officer failed to resolve for adequate result

3. File my grievance with the facility's grievance office and chief jailer but did not receive adequate responses or result and many never respond back with emergency situation.

III. Parties

A. Name of Plaintiff(s): Johnnie McCarthan III

III. Parties (cont'd)

Address(es): 1. 3rd Floor Medical cell 209, Fulton County Jail, BK 1009599, 901 Rice Street N.W., Atlanta, Georgia, 30318

2. 126 Armstrong Dr., Jacksonville, N.C. 28540

3. 4770 Tanners Spring Dr., Johnscreek, Georgia 30022, 3

4. P.O. Box 5211, Alpharetta, Georgia 30023

III. Parties (cont'd)

B. Defendant(s): 1. Fulton County Jail

Employed as County Jail

at Fulton County Jail, 901 Rice Street NW, Atlanta, Georgia 30318 ph. (4) 613-2002

2. Theodore Jackson

Employed as Sheriff Theodore Jackson

at Fulton County Sheriff's office, 185 Central Ave., Suite 9000, Atlanta, Georgia, 30303 ph. (4) 612-5100

## III. Parties (cont'd)

3. Arthur Lewis Stinson

Employed as Unemployed Disable

at Fulton County Jail, Jail BK11Z4869, 901 Rice Street N.W, Atlanta, Georgia, 30318

4. Defendant's "John Doe" that I don't know.

## IV. Statement of claim.

I. Here is an "simple conclusion".

Defendant Fulton County Jail, Sheriff Theodore Jackson and it's departments, agencies, officers and employees violated my right by failure to perform separation from violate inmate in my cell and deny adequate medical treatment.

Now here are allegations that "outline the facts."

1. Defendant's "John Doe" offical jail personal detention officers on 7/27/2011 first shift and second shift at Fulton County Jail. Defendant Sheriff Theodore Jackson policy allow his duly authorized agents to violate my

IV. Statement of claim (cont'd)

right by failure to perform detention officer duties to my present crisis in separating violate inmate in my cell with misconduct that has pose "an risk of serious harm in causing bodily injuries damages and health against me.

2. Defendant Arthur Lewis Stinson was roomating with me in cell 209 at Fulton County Jail on 3rd Floor North for inmates suffering with serious medical and mental needs. Defendant Arthur Lewis Stinson was brought to my cell by detention officer Defendant "John Doe" while Defendant Arthur Lewis Stinson already was posing a serious combative threat on officers and other inmates and was classified to be combative, mental ill, violate and homicidal. As soon as he arrived into my cell Defendant Arthur Lewis Stinson began to throwing feces around the cell and under the cell door outside the cell from the toilet and feces was left on floor for hours and hours and shifts and shifts. I requested to speak with a detention officer but disregarded and forced to remain an inhuman condition and dealing with such violates and disorderly behavior and unsanitary and neglect. Defendant Arthur Lewis Stinson decide to harm me by pushing me around my cell and start to assualt

IV. Statement of claim (cont'd)

me with his fist that is when the other inmates heard such horrible incident and immediately notified the Defendants' "John Doe" detention officers and Defendant Arthur Lewis Stinson was remove that first time he assualt me and later.

3. While time pass and shift changed and the detention officer changed time pass long enough where I receive commissary and another shift changed after that and other detention officer change came on their shift when Defendant "John Doe" detention failure to inform Defendant "John Doe" of prior assualt and incident the detention officers that return Defendant Arthur Lewis back into the cell with me again after such horrible incident had already occured with his violate behavior and assualts with his fist that had all arise in same factual situation and early that day. Where Defendant Arthur Lewis Stinson was return with his pants down below his knees and began to assualt me again while I am asleep unconscience.

4. Defendant Arthur Lewis Stinson assualt me was stealing commissary items hitting me with his fist, choking and trying to pull out my eye's for several

IV. Statement of claim (cont'd)

minutes while lock in cell unattended and in confinement alone in my cell until I was seriously injured before another inmate could get help from another cell overheard incident.

5. Defendant "John Doe" detention officers finally removed Defendant Arthur Lewis Stinson finally after such horrible multiple attacks. Defendant "John Doe" detention officer took me to medical but the medical system was very inadequate and my vist was unsuccessful and I did not receive adequate medical treatment.

6. By these action Defendant Fulton County Jail, sheriff Theodore Jackson and it's departments, agencies, officers and employees violated my right by failure to perform separation from violate inmate in my cell and deny adequate medical treatment.

V. Relief

"Relief Request" grant this original and signed with same format as original 42 U.S.C. §1983 Civil Rights Act complaint form to be submit and file by U.S. District Court I plaintiff Johnnie McCarthian stated as briefly

V. Relief (cont'd)

as possible as intent to use for my defense in open court to the public to move court defense Counsels to mount of defense by confrontation and cross-examination of all arise involved in the same factual situation joinder of claims listed as defendant(s) to bring in single case during prosecution and reveal this statement of claims describing basic facts that defendants violate my right and conform I plaintiff Johnnie McCarthian has exhausted all administrative remedies and use legal grievances that never received adequate response nor had a fair opportunity to be resolved for appropriate resolution.

V Relief (cont'd)

" Demand of Judgement" grant dates in a timely reasonable manner and wish to have such process served by United State Marshel and that each defendant(es) and witness(es) be called and comply with sue in a timely "limited reasonable manner" for I plaintiff Johnnie McCarthian Civil Rights complaint pursuant to 42 U.S.C. § 1983 need resolution because I meet the legal requirement for obtaining such relief! in relation to resolution and claims settlement guarantee of payment

## IV. Relief (cont'd)

seeking compensation for "deliberate indifferences" and "recovery damages" in serious pain and suffering already occured and received in hazardous inhuman condition that pose a high risk risking my life in Jail threathing condition worring if was going to die and "denial for serious medical treatment" and "pain and suffering" I experience while never receiving proper treatment. Deliver claims to the legislation that enacted stating the purpose in general or specific terms, for wich such issue payment is to be incurred in seeking money, specifing the maximum principal amount of such issue is settle in damages in "deliberate indifferences" for no less $8,000,000 and the maximum amount which is grant to a person eligible for "deliberate indifferences" and appropriating an amount at least sufficient to pay the highest payment service requirement for such is issue in addition to sum necessary to make payment required under contracts that such amount is necessary to pay in such payment as general obligation to pay and guarantee payment including legal and any attorney fee attached.

## IV. Relief (cont'd)

Motion to preserve any video, recording, transcripts,

IV. Relief (cont'd)

and any evidence in possion of defendant(s), reveal and use during prosecution, Motion to reveal, deal, consideration, promises, and grant of filing suit and claims because I meet the legal requirement for obtaininining such relief.

Signed this __5__ day of __8__, 20__11__


Signature of Plaintiff

STATE OF __Georgia__
COUNTY (CITY) OF __Fulton__

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTE ON _____

Signature of Plaintiff

## COURT ORDER CURRENTLY IN EFFECT RE: JAIL CLASS ACTION LAWSUIT

The following summary is a list of all items either the Fulton Sheriff or Fulton County Commissioners agreed to in the case *Harper v. Fulton County* Civil Action No. 04-cv-1416-MHS. The lawsuit was brought in 2004 by inmate Frederick Harper on behalf of all present and future inmates over unconstitutional conditions of confinement.

**A COMPLETE COPY OF THE ORDER IS MAINTAINED IN THE JAIL LAW LIBRARY FOR YOU TO READ UPON REQUEST.**

1. Staffing – enough to provide medical care transport, court transport and during pill call.
2. Training of all detention staff according to jail policy.
3. Security rounds of all housing units must be conducted hourly and documented.
4. Cell door locks must be in working order and operate remotely from the tower.
5. Emergency call buttons must be operational in dayrooms and in each infirmary cell.
6. Population capped at 2,500 people in the Main Jail.
7. Two people per cell, no sleeping on the floor in cell or dayroom floor.
8. Quick transfer upon conviction from Fulton County Jail to state prison facility.
9. Release from Jail shall occur within 24 hours of authorized release from the courts.
10. Three officers must be present on a side every shift, plus one supervisor per floor, plus one staff stationed in the tower.
11. Inmates must be provided with maintenance repair forms to notify the Sheriff of items in need of repair. All forms must be logged by staff.
12. The Sheriff shall implement policies and procedures to ensure the health and safety of inmates when temperatures in housing units fall below 65 degrees or reach higher than 80 degrees.
13. The Sheriff shall provide inmates with adequate cleaning supplies daily and protective equipment for the use of chemicals.
14. Sanitation policies will be adopted that ensure frequent cleaning to prevent mold and *Staph* infection.
15. All showers, sinks and toilets will be maintained in good working order with both hot and cold water, and inmates will have access to fresh drinking water 24/7.
16. No one will be housed in a cell with a broken sink or toilet.
17. Each inmate will have 3 sets of uniforms at all times and an exchange of uniforms and sheets twice a week.
18. The Sheriff will ensure laundry is cleaned and dried to prevent infection spreading and that all laundry machines are in working order with staff that is trained to use them.
19. All cells must have adequate lighting.
20. Noise will be monitored and kept below 70 dBA during the day and 45 dBA at night.
21. Legal visits are permitted between 7 a.m. and midnight 7 days a week. Telephones will be installed in attorney booths and all steel grating will be removed from visitation booths.
22. All prescribed medications will be logged and observed by staff when taken.
23. All negative pressure rooms for quarantine of TB will be in working order.
24. All dental equipment will be regularly sterilized.
25. Housing must be in compliance with the ADA for inmates with physical disabilities.
26. Visitation must be made accessible by people with physical disabilities.
27. Upon entry to the jail, all inmates will be screened for mental illness and medications identified will be continued as soon as possible.
28. The Sheriff will employ a fulltime board-certified psychiatrist.
29. The Sheriff shall train staff in recognizing and working with people with mental illness. These staff shall be placed wherever inmates travel.
30. Discharge planners at the jail will be notified as soon as a person with mental illness is booked at the jail.