IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNNIE MCCARTHIAN,       Plaintiff, | : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : | CIVIL ACTION NO. 1:11-CV-2654-WSD-GGB |
| FULTON COUNTY JAIL, et al.,       Defendants. | : : : | |

**ORDER, REPORT AND RECOMMENDATION**

Plaintiff, Johnnie McCarthian, has filed the instant *pro se* civil rights action under 42 U.S.C. § 1983. [Doc. 1]. Plaintiff has paid the full filing fee, and the matter is presently before me for a 28 U.S.C. § 1915A review.

I. 28 U.S.C. § 1915A Review

Under 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when

it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law. *See Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

II. Plaintiff's Allegations

Plaintiff sues the Fulton County Jail, Sheriff Theodore Jackson, inmate Arthur Lewis Stinson, and "John Does" detention officers, alleging that officials at the jail failed to protect him from an inmate attack and denied him medical treatment following the attack. According to Plaintiff, inmate Arthur Lewis Stinson was placed in his cell even though Stinson was "already posing a serious combative threat on officers and other inmates and was classified as combative, mental[ly] ill,viol[ent], and homicidal." [Doc. 1 at 5]. Plaintiff contends that Stinson began throwing feces around the cell and under the cell door, which was left on the floor for "hours and hours." Plaintiff further alleges that Stinson pushed him around the cell and began to assault him with his fist. Plaintiff alleges that other inmates who heard the commotion immediately notified jail officials about the incident, and Stinson was removed from the cell.

According to Plaintiff, a shift change occurred at the jail and the new shift was not notified of the earlier incident between Plaintiff and Stinson. Plaintiff alleges that Stinson was returned to the cell with Plaintiff, and that Stinson entered the cell with his pants down below his knees and began assaulting Plaintiff while he was asleep. Plaintiff contends that Stinson hit him with his fist and attempted to choke him and

3

pull out his eyes for several minutes. Plaintiff alleges that other inmates notified jail officials, and Stinson was removed from the cell. Plaintiff contends that he was transported to the medical department for treatment, but that "the medical system was very inadequate and [his] visit was unsuccessful and [he] did not receive adequate treatment." [Doc. 1 at 7]. Plaintiff seeks damages.

III. Discussion

The Fulton County Jail is subject to dismissal, because "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." *Castillo v. Blanco*, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); *see also Pilgrim v. Hall County Detention Center*, Civ. Action No. 2:08-CV-048-RWS, 2008 WL 879435 (N.D. Ga. March 28, 2008); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (holding neither city police department nor its building and zoning department were "persons" subject to liability for violating federal civil rights statute); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989). Accordingly, the Fulton County Jail is not a proper defendant in this action

Defendant Inmate Arthur Lewis Stinson is also subject to dismissal, because Plaintiff has failed to allege that Stinson acted under "color of state law" or conspired

4

with a state actor. *See Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) ("Only in rare circumstances can a private party be viewed as a [s]tate actor for section 1983 purposes."); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

With regard to Plaintiff's claim that jail officials failed to protect him from an inmate attack, "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A constitutional violation occurs "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc) (internal quotations omitted). "Merely negligent failure to protect an inmate from attack does not justify liability under section 1983 . . . . The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and internal quotations omitted). Moreover, to be deliberately indifferent, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff's allegations indicate that jail officials may have been deliberately indifferent to a risk of harm to him when inmate Stinson was placed in Plaintiff's cell on two occasions. Thus, in deference to Plaintiff's *pro se* prisoner status, Plaintiff's claims will be allowed to proceed against Defendants Jackson and "John Does" officers.[1]

Plaintiff has failed to state a claim of deliberate indifference with regard to his medical treatment. "To establish a defendant's deliberate indifference, the plaintiff has to show that the defendant had '(1) subjective knowledge of a risk of serious harm; [and] (2) disregard[ed] . . . that risk; (3) by conduct that is more than mere negligence.'" *Cagle v. Sutherland*, 334 F.3d 980, 987 (11th Cir. 2003) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)).

Plaintiff's allegations fail to show that jail officials were deliberately indifferent to his medical needs. Plaintiff contends that he was taken to the medical department by jail officials and treated for his unspecified injuries after the inmate attack. Plaintiff's allegations that the treatment was inadequate fails to state a claim. *See Hawley v. Evans*, 716 F. Supp. 601, 604 (N.D. Ga. 1989). "Where a prisoner has

---

[1] The Court will allow Plaintiff to amend his complaint at a later date to supply the identity of the officers involved with this incident, provided he is able to ascertain the proper names.

6

received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation marks and citations omitted). Plaintiff's allegations at most state a negligence claim, which is not actionable here. *See Faison v. Rosado*, 129 F. App'x 490 (11th Cir. 2005) (holding staff physician's failure to follow recommendation of orthopedist and refer inmate to a physical therapist only amounted to negligence, not a cognizable constitutional claim). Thus, I recommend that Plaintiff's medical claims be dismissed.

IV. Conclusion

Based on the foregoing, **I RECOMMEND** that the instant action be **DISMISSED** against Defendants Fulton County Jail and Arthur Lewis Stinson and that Plaintiff's medical attention claims be **DISMISSED** for failure to state a claim.

I **ORDER** that Plaintiff's failure to protect claims be allowed to **PROCEED** against Defendant Jackson. Plaintiff does not provide the names of the detention officers involved in the incident and, thus, I am unable to direct service on the "John Does" detention officers. However, Plaintiff may amend his complaint at a later date

7

to supply the identity of the officers involved with this incident, provided he is able to ascertain the proper names.

The Clerk **SHALL** send Plaintiff a USM 285 form and summons for Defendant Jackson. Plaintiff **SHALL** complete a USM 285 form and summons for Defendant Jackson and return the forms to the Clerk of Court within twenty (20) days of the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk **SHALL** resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk **SHALL** prepare a service waiver package for Defendant Jackson. The service waiver package must include two (2) Notice of Lawsuit and Request for Waiver of Service of Summons forms (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant Jackson for return of the waiver form, one (1) copy of the complaint, and one (1) copy of this Order. The Clerk **SHALL** retain the USM 285 form and summons for Defendant Jackson.

Upon completion of a service waiver package for Defendant Jackson, the Clerk **SHALL** complete the lower portion of the Notice of Lawsuit and Request for Waiver

8

form and mail a service waiver package to Defendant Jackson. Defendant Jackson has a duty to avoid unnecessary costs of serving the summons. If Defendant Jackson fails to comply with the request for waiver of service, Defendant Jackson must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant Jackson does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package is mailed, the Clerk **SHALL** prepare and transmit to the U.S. Marshal's Service a service package for Defendant Jackson. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service **SHALL** personally serve Defendant Jackson. The executed waiver form or the completed USM 285 form **SHALL** be filed with the Clerk.

Plaintiff **SHALL** serve upon Defendant Jackson or his counsel a copy of every additional pleading or other document that is filed with the Clerk of Court. Each pleading or other document filed with the Clerk **SHALL** include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or his

counsel. This Court will disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff also **SHALL** keep the Court and Defendant Jackson advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

Finally, prisoner civil rights cases are automatically assigned to a zero-month discovery track. If any party determines that discovery is required, that party must, within thirty days after the first appearance of a defendant by answer, file a motion requesting a discovery period.

**IT IS SO ORDERED AND  RECOMMENDED ,** this 18th day of May, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

10