IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNNIE MCCARTHIAN, | ) | |
| | ) | PRISONER CIVIL RIGHTS |
| Plaintiff, | ) | 42 U.S.C. § 1983 |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:11-CV-2654-WSD-GGB |
| | ) | |
| FULTON COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT THEODORE JACKSON'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**COMES NOW**, Defendant, Sheriff Theodore Jackson, by and through his undersigned counsel, and hereby files his Motion to Dismiss and shows this Honorable Court as follows:

I.

**STATEMENT OF FACTS AS ALLEGED IN COMPLAINT**

On August 10, 2011, a lawsuit was filed against Fulton County Sheriff Theodore Jackson[1]. The Plaintiff alleges that on July 27, 2011, while incarcerated at the Fulton County Jail, he was physically attacked by fellow inmate Arthur Lewis Stinson

---

[1] Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. In an Order dated May 18, 2012, U. S. Magistrate Judge Gerrilyn G. Brill dismissed Plaintiff's claim against the Fulton County Jail, because a jail is merely building and is not a person subject to suit under 42 U.S.C. § 1983. Additionally, the Court dismissed Plaintiff's claim against Defendant Inmate Arthur Lewis Stinson because the Plaintiff failed to allege that Stinson acted under "color of state law" or conspired with a state actor. The Court also dismissed Plaintiff's claim of deliberate indifference to medical treatment. As a result, Plaintiff's failure to protect claim against Sheriff Jackson is the only claim the Court permitted to proceed.

1

("Stinson"). Specifically, Plaintiff alleges that Stinson "began throwing feces around the cell and under the cell door outside cell from the toilet..." Plaintiff further alleges that Stinson "pushed him around the cell and start [sic] assault me with his fist..." Plaintiff contends that Fulton County Detention Officers removed Stinson from the cell. Moreover, Plaintiff alleges that after the shift change at the jail the detention officers failed to inform the new shift about Stinson's prior assault on his person. According to the Plaintiff, Stinson was returned to his cell with is pants down below his knees and began to assault him while he was sleep. Plaintiff further asserts that Stinson stole his commissary items, hit Plaintiff with his fist, choked him, and tried to pull his eyes. Plaintiff further alleges that the detention officers finally removed Stinson from the cell. As a result, Plaintiff alleges that Sheriff Jackson failed to protect him from a violent inmate attack.

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Peoples v. Reynolds American, Inc., et al., 2009 WL 3365663 (N.D.Ga. 2009). The standard of review pronounced in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007) requires that "a complaint's factual allegations must be

2

enough to raise a right to relief above the speculative level". As such, "a complaint must allege a claim that is plausible on its face." Infor Global Solutions, Inc. v. Hanover Foods Corporation, 2009 WL 2778258 (N.D.Ga 2009); Solomon v. Blue Cross and Blue Shield Association, et al., 574 F.Supp.2d 1288 (S.D. Fla. 2008). Moreover, "in order for a [p]etitioner to satisfy his obligation to provide the grounds of entitlement to relief, he must allege more than "labels and conclusions". Jordan v. Warden, Stewart Detention Center, 2008 WL 2690799 (M.D. Ga. 2008). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief. Furthermore, while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of the claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Jordan v. Warden, Stewart Detention Center, 2008 WL 2690799 (M.D. Ga. 2008). [Citing Roe v. Aware Woman Ctr. For Choice, Inc., 253 F.3d 678 (11th Cir. 2001)]. Also, when evaluating a Motion to Dismiss strictly as motion to dismiss...the court cannot, as a general rule, consider matters outside of the complaint, but must accept the allegations of the complaint as true and must construe the facts in the light most

3

favorable to the plaintiff. Simpson v. Countrywide Home Loans 2010 WL 3190693 (N.D.Ga. 2010), citing Fuller v. Johannessen, 76 F.3d. 347 (11th Cir. 1996).

### III.

### ARGUMENT AND CITATION OF AUTHORITY

**I. Plaintiff's Federal § 1983 Claim Against Jackson Must Fail Because Jackson Was Not Deliberately Indifferent To A Known Threat Of Serious Bodily Injury To Plaintiff.**

The Eighth Amendment protects a prisoner from cruel and unusual punishment and thereby imposes a duty on officials to protect an inmate from attack by another inmate. Farmer v. Brennan, 511 U.S. 825, 832 (1970). However, not every injury inflicted by another inmate results from a violation of the Constitution. Id. at 834.

> [T]he Eighth Amendment is only violated by "[a] prison official's **'deliberate indifference'** to a substantial risk of serious harm to an inmate[.]" Id. at 828. This standard requires first that the alleged deprivation be, objectively, "sufficiently serious." Id. at 834, (quoting Wilson v. Seiter, 501 U.S. 294, 298, [111 S.Ct. 2321,] 2324, [115 L.Ed.2d 271 (1991). The deprivation must be "the denial of 'the minimal civilized measure of life's necessities. Id. (quoting Rhodes v. Chapman, 452 U.S. 337,] 347, [101 S.Ct. 2392,] 2399, [69 L.Ed.2d 59 (1981) ] ). In the situation where an inmate complains about being attacked by another inmate, the inmate must establish that the conditions under which he was incarcerated presented "a substantial risk of serious harm." Id; Clark v. Johnson, 2000WL1568337 (S.D. of Ala. 2000).

4

In other words a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to the inmate's health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer at 837. This element of an Eighth Amendment violation is subjective. Id. at 839.  It is not required that a prison official know "'precisely who will attack whom,' (citation omitted), but only that the prison official had subjective knowledge of a generalized, substantial risk of serious harm from inmate violence." Hale v. Tallapoosa County, 50 F.3d 1579, 1583 (11th Cir. 1995) (quoting Farmer, 511 U.S. at 843); See also Hernandez v. Florida Department of Corrections, 281 Fed.Appx. 862, 2008 WL 2345142 (11th Cir. 2008)(Plaintiff must show that the prison official, at a miminum, acted with a state of mind that constituted deliberate indifference). The inmate's failure to provide advance notice of an attack is relevant, but not dispositive. Id. (citing Farmer, 511 U.S. at 849).

A prison official's duty under the Eighth Amendment is to ensure "reasonable safety," a standard that incorporates due regard for prison officials' "unenviable task of keeping dangerous men in safe custody under humane conditions." Clark

5

at 10. Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause. Farmer, 511 U.S. at 844-845.

In the instant case, Plaintiff has failed to state claim that Sheriff Jackson was deliberately indifferent to a known threat of serious bodily harm to the Plaintiff. Plaintiff has failed to allege any facts that Sheriff Jackson had subjective knowledge that inmate Stinson posed a serious threat to Plaintiff, and disregarded such threat through more than negligent conduct. Instead, Plaintiff alleges generally that Sheriff Jackson violated his rights by failing to separate him from a violent inmate. Additionally, "merely negligent failure to protect an inmate from attack does not justify liability under Section 1983." Brown v. Hughes, 894 F.2d 1533 (11th Cir. 1990). In order to held liable for failing to prevent an attack from other inmates, Plaintiff must show that "a prison official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Hernandez v. Florida Department of Corrections, 281 Fed.Appx. 862, 2008 WL 2345142 (11th Cir. 2008)citing Farmer, 511 U.S. at 833 (1970). Therefore, Plaintiff's complaint lacks sufficient factual matter to justify liability under Section 1983, and as a result, the complaint

6

fails to state a claim upon which relief can be granted, and should be dismissed as a matter of law.

**II. PLAINTIFF CANNOT PROVE HIS § 1983 CLAIMS AGAINST DEFENDANT JACKSON BASED ON THE THEORY OF SUPERVISORY LIABILITY.**

The Complaint seeks to hold Sheriff Jackson, liable for his alleged conduct as a supervisor. To impose supervisory liability, there must be a causal connection between the conduct of the supervisory official and the alleged constitutional violation. Belcher v. City of Foley, 30 F.3d 1390, 1396-97 (11th Cir. 1994). To show that a supervisor is liable in his individual capacity for the actions of a subordinate, a plaintiff must demonstrate either:(1) a history of widespread abuse "putting the responsible supervisor on notice of the need to correct the alleged deprivation"; or (2) a supervisor's custom or policy resulting in deliberate indifference to constitutional rights; or (3) facts supporting an inference "that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Dalrymple v. Reno, 334 F.3d 991, 995-996 (11th Cir. 2003). This standard is "extremely rigorous." Id. (quoting Braddy v. Florida Dep't of Labor & Empl. Sec., 133 F.3d 797, 802 (11th Cir. 1994)); See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

7

The premise of a supervisory liability claim is that a supervisor's subordinate has inflicted a constitutional violation, but the supervisor either personally participated in the injury or there is an affirmative "causal link" between the supervisor's conduct and the subordinate's infliction of the constitutional injury. See Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir.2007).

Here, Plaintiff completely fails to allege any widespread abuse that would have placed Jackson on notice to correct the alleged harm caused by a subordinate.  Further, Plaintiff has not even alleged that Sheriff Jackson was on notice that any action relevant to the harm alleged needed to be taken.  To constitute sufficient notice, the past widespread abuses "must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999).

In order to overcome the first prong set forth above, Plaintiff must allege facts that show a custom or policy that caused deliberate indifference to his constitutional rights. The Complaint is completely devoid of facts supporting the alleged conclusion that there was a custom or policy that amounted to a deliberate indifference to Plaintiff's constitutional rights. Therefore, dismissal for failure to state

8

a claim upon which relief may be granted and is warranted as matter of law.

Finally, Plaintiff has not alleged that Sheriff Jackson either directed his subordinates to act unlawfully, or knew they would act unlawfully, and failed to stop them from doing so. As the Complaint is void of any facts tending to support such an allegation, Sheriff Jackson cannot be held liable under a theory of supervisory liability.  Therefore, dismissal for failure to state a claim upon which relief may be granted should be granted as matter of law.

### III. PLAINTIFF'S FEDERAL LAW CLAIMS AGAINST DEFENDANT JACKSON ARE BARRED BY QUALIFIED IMMUNITY.

The Complaint clearly demonstrates that Sheriff Jackson, in his individual capacity, is entitled to qualified immunity. So long as a government official acts within the scope of his discretionary authority and does not violate clearly established law of which a reasonable person should have known, the doctrine of qualified immunity protects him. Harlow v. Fitzgerald, 457 U.S. 800, 818; Purcell, 400 F.3d at 1319. Qualified immunity provides immunity from suit not just immunity from liability. Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting

9

from suit all but the plainly incompetent or one who is knowingly violating the federal law." Vinyard v. Stanfield, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks and citations omitted)).

Sheriff Jackson is immune from Plaintiff's federal law claims because administering the Jail is a discretionary function. See generally, Manders v. Lee, 338 F.3d 1304 (2003). Discretionary authority is defined as "all actions of a governmental official that (1) were undertaken pursuant to the performance of his duties, and (2) were 'within the scope of his authority.'" Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994)(quoting Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1988)). Once a defendant has discharged his burden of showing that the alleged tortious conduct was performed within the scope of his discretionary authority, the burden shifts to the plaintiff to prove that the defendant is not entitled to qualified immunity. Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002).

A plaintiff seeking to overcome the defense of qualified immunity must first establish the violation of a constitutional right. Saucier v. Katz, 533 U.S. 194, 201, (2001)[2]. Then, he

---

[2] Defendant recognizes that the analysis of qualified immunity was revisited in Pearson v. Callahan, 129 S. Ct. 808 (2009), which held that while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory. The judges of the

10

must be able to demonstrate that the right was so clearly established at the time of the alleged violation that a reasonable public official in a similar situation would be aware that his conduct was unconstitutional. Id.; Siegert v. Gilley, 500 U.S. 226, 232, (1991). This is a "purely legal question." Id.

### IV. SHERIFF JACKSON IS ENTITLED TO ELEVENTH AMENDMENT IMMUNITY FROM PLAINTIFF'S FEDERAL LAW CLAIMS AGAINST HIM IN HIS OFFICIAL CAPACITY.

Plaintiff's federal law claims against Sheriff Jackson in his official capacity are barred because at all pertinent times he was acting as an arm of the state. The Eleventh Amendment prohibits suits against the states in federal court, unless the states consent. See, U.S. Const. Amend. XI. The question of immunity turns on whether Sheriff Jackson was acting on behalf of the State of Georgia in the execution of his duties. The Eleventh Circuit has used four factors to determine whether an entity is "an arm of the state." Manders v. Lee, 338 F.3d 1304, 1309 (11th Cir. 2003). Those factors are (1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the

---

district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.

11

entity. Id. (citations omitted).

The aforementioned factors, when analyzed in the context of suits by detainees or inmates against Sheriff's jailers, lean heavily toward a finding that the Sheriff, and his deputies, are state actors. That is precisely what the Eleventh Circuit Court of Appeals held in Manders. The Court analyzed the four factors and determined that the Sheriff is a constitutional office in the state of Georgia and is independent from the county that it serves. The Court also found that the Sheriff's powers are derivative of the Georgia Constitution, and that the State assigns Sheriffs their duties. Id.

Having determined that a Georgia sheriff is generally a state actor, the analysis switches to whether the sheriff is acting as an "arm of the state" in performing the particular function which gives rise to the alleged cause of action. See Lugar v. Edmondson Oil Co., 457 U.S. 92, 102 S. Ct. 2744 (1982)(quotations supplied). In the case at bar, Plaintiff, implicitly complains of Sheriff Jackson's administration of the jail, as he has not alleged any personal participation by Jackson. Under Georgia statutory and case law, these functions are performed by Jackson as an arm of the state. See, Manders, 338 F.3d at 1310. Georgia statutory law requires sheriffs to incarcerate its state offenders and, in turn, requires sheriffs to administer them. O.C.G.A. § 42-5-51(b)-(c); O.C.G.A. § 42-4-

<u>4</u>. Therefore, Sheriff Jackson, at all times relevant hereto, was acting as an arm of the state. Accordingly, Sheriff Jackson is entitled to Eleventh Amendment immunity, and Plaintiff's claims must be dismissed as a matter of law.

## CONCLUSION

For the aforementioned reasons, Sheriff Jackson respectfully requests that this Honorable Court dismiss Plaintiff's Complaint as to Sheriff Jackson, on the basis that the Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6), the claim is barred by the theory of supervisory liability, qualified immunity, and Eleventh Amendment Immunity.

Respectfully submitted this 24th day of September, 2012.

**OFFICE OF THE COUNTY ATTORNEY**
R. David Ware
Georgia Bar No. 737756

***/s/ Terry J. Grandison***
Terry J. Grandison
Georgia Bar No. 305205

Steven E. Rosenberg
Georgia Bar No. 614560

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0234 (office)
(404) 730-6540 (facsimile)

P:\CALitigation\Sheriff\McCarthian, Johnnie v. Theodore Jackson 1-11-CV-2654 - (TJG)\Pleadings\09-24-2012 - Defendant Sheriff Jackson's Brief in Support of Motion to Dismiss (Johnnie McCarthian).doc

```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF GEORGIA
                           ATLANTA DIVISION

JOHNNIE MCCARTHIAN,                )
                                   )    PRISONER CIVIL RIGHTS
      Plaintiff,                   )    42 U.S.C. § 1983
                                   )
v.                                 )    CIVIL ACTION NO.
                                   )    1:11-CV-2654-WSD-GGB
                                   )
FULTON COUNTY JAIL, et al.,        )
                                   )
      Defendants.                  )
_____)
```

**CERTIFICATE OF FONT TYPE, SIZE, AND SERVICE**

THIS IS TO CERTIFY that on May 16, 2011, the undersigned presented this document in Courier New, 12 point type in accordance with L.R. 5.1(c) and electronically filed the foregoing **DEFENDANT THEODORE JACKSON'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system[3].

*/s/ Terry J. Grandison*
Terry J. Grandison
Georgia Bar No. 305205

141 Pryor Street, Suite 4038
Atlanta, Georgia 30303
(404) 612-0234 (office)
(404) 730-6324 (fax)

---

[3] Defendant attempted to ascertain a valid forwarding address or Plaintiff's last known address but was unable establish any address to effect service.

14