IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHNNIE MCCARTHIAN,

              Plaintiff,

v.

              1:11-cv-2654-WSD-GGB

FULTON COUNTY JAIL et al.,

              Defendants.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Non-Final Report and Recommendation [6] ("R&R"), following her review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.

**I.   BACKGROUND**

Plaintiff Johnnie McCarthian ("Plaintiff"), proceeding *pro se*, is an inmate at the Fulton County Jail in Atlanta, Georgia. On August, 10, 2011, Plaintiff filed his Complaint asserting claims under 42 U.S.C. § 1983 against Defendants Fulton County Jail ("Jail"), Sheriff Theodore Jackson ("Sheriff Jackson"), fellow inmate Arthur Lewis Stinson ("Stinson"), and several unnamed detention officers referred to as "John Does" ("Unknown Officers") (collectively "Defendants"). Plaintiff

alleges that officials at the Jail failed to protect him from an inmate attack and denied him medical treatment following the attack.  (R&R at 3.)

A. <u>Relevant Factual Allegations</u>[1]

Plaintiff asserts that some of the Unknown Officers unlawfully placed Stinson in Plaintiff's cell, despite Stinson's prior "serious combative threats to officers and other imitates" and classification as "combative, mental[ly] ill, viol[ent], and homicidal."  (Compl. ¶ IV.)  Plaintiff alleges further that, immediately upon his arrival, Stinson began throwing feces around the cell and under the cell door.  (Id.)  Even though Plaintiff informed Unknown Officers about Stinson's behavior and the unsanitary living conditions, Stinson's feces was left on the floor for hours.  (Id.)  According to Plaintiff, Stinson then assaulted Plaintiff with his fist and pushed Plaintiff around the cell.  (Id.)  Stinson was subsequently removed from the cell after Plaintiff notified the Unknown Officers.  (Id.)

Plaintiff contends that a change in shift occurred at the Jail and that the new shift, not notified of the earlier incident, put Stinson back in Plaintiff's cell. (Id.) Plaintiff alleges that Stinson then assaulted him a second time with his pants down

---

[1] These facts are taken from the R&R and the record.  The parties have not objected to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts the facts in the R&R.  See <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir.1993).

below his knees.  (Id.)  During the assault, Defendant Stinson hit Plaintiff with his fists, choked him, attempted to pull out his eyes, and stole Plaintiff's commissary items.  (Id.)

Defendant Stinson was removed from Plaintiff's cell a second time by Unknown Officers and was taken to a medical facility for treatment.  (Id.)  Plaintiff contends that the "medical system was very inadequate and [his] visit was unsuccessful and [he] did not receive adequate medical treatment."  (Id.)  Plaintiff seeks damages "in 'deliberate indifference' for no less [than] $8,000,000[.00]." (Id. ¶ IV.)

### B.   Procedural History

On June 21, 2012, after reviewing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, the Magistrate Judge issued her R&R.  The Magistrate Judge found that this action is subject to dismissal against the Jail because "'a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983.'" (R&R at 4 (quoting Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007)).)  The Magistrate Judge also found that this action is subject to dismissal against Stinson because Plaintiff failed to allege that Stinson conspired with a state actor or acted under the "color of state law."  (Id.)  Finally, the Magistrate Judge found that Plaintiff failed to show that any Defendants were

deliberately indifferent to his medical needs because he failed to specify the injuries he received from the attacks or state how the provided medical treatment was inadequate. (Id.)  Accordingly, the Magistrate Judge recommends that the Jail and Stinson be dismissed from this action and that Plaintiff's claim for medical indifference be dismissed.  The Magistrate Judge recommends that Plaintiff's claims against Sheriff Jackson and the Unknown Officers for deliberate indifference be allowed to proceed. (Id. at 6.)

Plaintiff has not filed objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   *Review of a Magistrate Judge's Report and Recommendation*

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation,

a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    2. *Review of a Prisoner's Complaint*

A district court must review a complaint filed by prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a) (2006).  On review, the court must dismiss any claim that

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Id. § 1915A(b).

  B. Analysis

In this case, because Plaintiff did not object to the R&R, the Court reviews the R&R for plain error.  Finding none, the Court adopts the R&R.  Plaintiff's claims against the Jail and Stinson are required to be dismissed for failure to state claims for relief.  Plaintiff's claims regarding his medical treatment also are required to be dismissed for failure to allege claims for relief.  Plaintiffs' claims for failure to protect, asserted against Sheriff Jackson and the Unknown Officers, may proceed.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Magistrate Judge Gerrilyn G. Brill's Non-Final Report and Recommendation [6] is **ADOPTED**. All claims against Defendant Fulton County Jail, all claims against Defendant Arthur Lewis Stinson, and Plaintiff's medical indifference claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A. Plaintiff's claims for failure to protect, asserted against Sheriff Jackson and the Unknown Officers, are **ALLOWED TO PROCEED**.

**SO ORDERED** this 25th day of October, 2012.

_/s/ William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE