IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNNIE MCCARTHIAN, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-2654-WSD-GGB |
| THEODORE JACKSON, et al., | : | |
|    Defendants. | : | |

**ORDER AND NON-FINAL REPORT AND RECOMMENDATION**

Plaintiff, Johnnie McCarthian, has filed a *pro se* civil rights action under 42 U.S.C. § 1983. [Doc. 1]. Presently before me is a motion to dismiss for failure to state a claim [Doc. 12] filed by Defendant Sheriff Theodore Jackson. For the reasons discussed below, I **RECOMMEND** that the motion to dismiss be **GRANTED**.

I. Background

Plaintiff sues the Fulton County Jail, Sheriff Theodore Jackson, inmate Arthur Lewis Stinson, and "John Does" detention officers, alleging that officials at the jail failed to protect him from an inmate attack and denied him medical treatment following the attack. According to Plaintiff, inmate Arthur Lewis Stinson was placed in his cell even though Stinson was "already posing a serious combative threat on officers and other inmates and was classified as combative, mental[ly] ill,viol[ent],

and homicidal." [Doc. 1 at 5]. Plaintiff contends that Stinson began throwing feces around the cell and under the cell door, which was left on the floor for "hours and hours." Plaintiff further alleges that Stinson pushed him around the cell and began to assault him with his fist. Plaintiff alleges that other inmates who heard the commotion immediately notified jail officials about the incident, and Stinson was removed from the cell.

According to Plaintiff, a shift change occurred at the jail and the new shift was not notified of the earlier incident between Plaintiff and Stinson. Plaintiff alleges that Stinson was returned to the cell with Plaintiff, and that Stinson entered the cell with his pants down below his knees and began assaulting Plaintiff while he was asleep. Plaintiff contends that Stinson hit him with his fist and attempted to choke him and pull out his eyes for several minutes. Plaintiff alleges that other inmates notified jail officials, and Stinson was removed from the cell. Plaintiff contends that he was transported to the medical department for treatment, but that "the medical system was very inadequate and [his] visit was unsuccessful and [he] did not receive adequate treatment." [Doc. 1 at 7]. Plaintiff seeks damages.

On May 21, 2012, after reviewing the complaint, I recommended that the complaint be dismissed against the Fulton County Jail because the jail is a building,

2

not a person under § 1983. [Doc. 6]. I also recommended dismissal of the complaint against Stinson because Plaintiff had failed to allege that Stinson conspired with a state actor or acted under color of state law. Further, I recommended that Plaintiff's medical treatment claims be dismissed because Plaintiff had failed to specify the injuries he received from the attacks or state how the provided medical treatment was inadequate. Lastly, I directed that Plaintiff's claims against Sheriff Jackson and the unknown officers for deliberate indifference be allowed to proceed. On October 25, 2012, the District Judge adopted my Report and Recommendation. [Doc. 13].

Sheriff Jackson has filed a motion to dismiss for failure to state a claim [Doc. 12], arguing that he was not deliberately indifferent to a known threat of serious bodily injury to Plaintiff. Sheriff Jackson also argues that Plaintiff cannot prove his claims against Sheriff Jackson based on a theory of supervisory liability, and that Plaintiff's claims against Sheriff Jackson in his official capacity are barred by Eleventh Amendment immunity because Sheriff Jackson was acting as an arm of the state.[1]

---

[1] Sheriff Jackson also argues that Plaintiff's claims against him in his individual capacity are barred by qualified immunity. However, because I find that the motion to dismiss should be granted for other reasons, I will not address Sheriff Jackson's qualified immunity argument.

3

II. Motion to Dismiss Standard

When considering a Rule 12(b)(6) motion to dismiss, a federal court is required to accept as true "all facts set forth in the plaintiff's complaint" and is to limit "its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Thus, "[a] complaint may not be dismissed under Fed. R. Civ. P. 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Rosen v. TRW, Inc.*, 979 F.2d 191, 194 (11th Cir. 1992) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

III. Discussion

    A. Official Capacity Claims Against Sheriff Jackson

When Georgia sheriffs (and their deputies) are performing law enforcement duties, they are considered to be an arm of the state. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). Furthermore, a Georgia sheriff acts as an "arm of the State" when training and supervising his deputies. *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1335-36 (11th Cir. 2003). The United States Supreme Court has held that

4

"neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 72 (1989). Therefore, Plaintiff has failed to state a claim against Sheriff Jackson in his official capacity.

   B.  Individual Capacity Claims Against Sheriff Jackson

To the extent that Plaintiff sues Sheriff Jackson in his individual capacity, his claims are premised upon a theory of respondeat superior, which is an insufficient basis for § 1983 liability. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). Supervisory liability under § 1983 occurs only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). "Alternatively, the causal connection may be established when a supervisor's 'custom or policy . . . result[s] in deliberate indifference to constitutional rights' or when facts

5

support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Cottone*, 326 F.3d at 1360 (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1234-35 (11th Cir. 2003)).

Here, Plaintiff does not contend that Sheriff Jackson had knowledge of or participated in the alleged incident. Furthermore, Plaintiff does not contend that the alleged constitutional violations resulted from a policy made by Sheriff Jackson or that a history of widespread abuse put Sheriff Jackson on notice. *See Presnell v. Paulding County*, 454 F. App'x 763, 768-69 (11th Cir. 2011) (holding county was properly dismissed from detainee's § 1983 action and that detainee could not rely on some act of the Sheriff as constituting county policy of which the county might be liable where "Plaintiff's complaint fails to identify any improper act of the Sheriff, or any policy made by the Sheriff which injured Plaintiff"). Accordingly, I recommend that Sheriff Jackson's motion to dismiss be granted.

IV. Remaining Defendants

Other than Sheriff Jackson, the only defendants remaining in this action are the unknown Fulton County officers that Plaintiff alleges failed to protect him from an inmate attack. The Court allowed Plaintiff's claims to proceed against the unknown

6

officers, noting that Plaintiff would be allowed to amend his complaint at a later date to supply the identity of the officers involved in the incident. [Doc. 6 at 6, Doc. 13]. Plaintiff has filed an amendment to his complaint providing the names of the officers involved: (1) detention officer M. Melton (2nd shift); (2) sheriff's deputy Major T.J. Lee; (3) sheriff's deputy Johnson (3rd shift); (4) sheriff's deputy Reid (2nd shift); (5) sheriff's deputy Sgt. Wise (2nd shift); (6) detention officer Ellison (2nd shift); (7) sheriff's deputy Chief Adgar; and (8) sheriff's deputy S. Reese. [Doc. 10]. However, Plaintiff has not specified how these officers were involved in the incident or violated his constitutional rights.

Accordingly, **IT IS ORDERED** that Plaintiff must, within thirty (30) days of the date of this Order, **AMEND** his complaint to provide a more specific statement of his claims, that includes an explanation of how the named officers have violated his civil rights and any injuries that he has suffered as a result. Plaintiff is advised that failure to submit the required amendment may result in dismissal of this action.

V. Conclusion

Based on the foregoing, **I RECOMMEND** that Sheriff Jackson's motion to dismiss [Doc. 12] be **GRANTED**, and that Plaintiff's claims against Sheriff Jackson be **DISMISSED**.

7

I **ORDER** that Plaintiff amend his complaint within thirty days to provide a more specific statement of his claims against the named officers.

**IT IS SO ORDERED AND RECOMMENDED ,** this 16th day of April, 2013.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE