IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHNNIE MCCARTHIAN,

      Plaintiff,

v.              1:11-cv-2654-WSD-GGB

THEODORE JACKSON et al.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Non-Final Report and Recommendation [16] ("R&R"), following her review of Defendant Theodore Jackson's Motion to Dismiss [12] for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I. BACKGROUND**

Plaintiff Johnnie McCarthian ("Plaintiff"), proceeding *pro se*, was an inmate at the Fulton County Jail in Atlanta, Georgia. On August, 10, 2011, Plaintiff filed his Complaint asserting claims under 42 U.S.C. § 1983 against Defendants Fulton County Jail ("Jail"), Sheriff Theodore Jackson ("Sheriff Jackson"), inmate Arthur Lewis Stinson ("Stinson"), and several unnamed detention officers referred to as

"John Does" ("Unknown Officers") (collectively "Defendants").[1]  Plaintiff alleges that officials at the Jail failed to protect him from an inmate attack and denied him medical treatment following the attack.  (R&R [16] at 2-3.)

    A.    Relevant Factual Allegations[2]

Plaintiff asserts that some of the Unknown Officers unlawfully placed Stinson in Plaintiff's cell, despite Stinson's prior "serious combative threat[s] on officers and other inmates" and classification as "combative, mental[ly] ill, viol[ent], and homicidal."  (Compl. [1] at 5.)  Plaintiff alleges further that, immediately upon his arrival, Stinson began throwing feces around the cell and under the cell door.  (Id.)  Even though Plaintiff informed the Unknown Officers about Stinson's behavior and the unsanitary living conditions he created, Stinson's feces were left on the floor for hours.  (Id.)  According to Plaintiff, Stinson then

---

[1] Plaintiff later filed an amendment to his complaint [10] listing the eight Unknown Officers as: (1) detention officer M. Melton (2nd shift); (2) sheriff's deputy Major T.J. Lee; (3) sheriff's deputy Johnson (3rd shift); (4) sheriff's deputy Reid (2nd shift); (5) sheriff's deputy Sgt. Wise (2nd shift); (6) detention officer Ellison (2nd shift); (7) sheriff's deputy Chief Adgar; and (8) sheriff's deputy S. Reese.  In his amended complaint, Plaintiff failed to make any specific claims as to the individual involvement of any of the additional named officers.

[2] These facts are taken from the R&R and the record.  The parties have not objected to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts the facts in the R&R.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir.1993).

assaulted Plaintiff with his fist and pushed Plaintiff around the cell.  (Id. at 5-6.) Stinson was removed from the cell after Plaintiff notified the Unknown Officers. (Id. at 6.)

Plaintiff contends following a shift change at the Jail, the new shift, unaware of the earlier incident, returned Stinson to Plaintiff's cell.  (Id.)  Plaintiff alleges that Stinson assaulted him a second time.  (Id.)  During the assault, Stinson hit Plaintiff with his fists, choked him, attempted to pull out his eyes, and stole Plaintiff's commissary items.  (Id.)

Defendant Stinson was again removed from Plaintiff's cell and taken to a medical facility for treatment.  (Id. at 7.)  Plaintiff contends that the "medical system was very inadequate and [his] visit was unsuccessful and [he] did not receive adequate medical treatment."  (Id.)  Plaintiff seeks damages "in 'deliberate indifferences' for no less [than] $8,000,000[.00]."  (Id. at 9.)

    B.    <u>Procedural History</u>

On October 25, 2012, the Court, pursuant to 28 U.S.C. § 1915A, dismissed (i) the claims against the Jail,  (ii) the claims against Stinson, and (iii) Plaintiff's medical indifference claims against all Defendants.  Plaintiff's claims for failure to protect, asserted against Sheriff Jackson and the Unknown Officers, were allowed to proceed.

On September 24, 2012, Sheriff Jackson filed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, his Motion to Dismiss for failure to state a claim.

On April 17, 2013, Magistrate Judge Brill issued her R&R recommending that the Motion to Dismiss be granted. Judge Brill found that Plaintiff failed to state a claim against Sheriff Jackson in his official capacity and that any claims against Sheriff Jackson in his individual capacity are based on a respondeat superior theory, an insufficient basis for § 1983 liability.

Plaintiff did not file objections to the R&R.

## II.  DISCUSSION

### A.  Legal Standards

#### 1.  *Review of a Magistrate Judge's Report and Recommendation*

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation,

4

a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

        2.    *Motion to Dismiss for Failure to State a Claim*

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences."  Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010).  Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true."  Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)).  The Court is not required to accept conclusory allegations and legal conclusions as true.  See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)).  Mere "labels and conclusions" are insufficient.  Twombly, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

> B. Analysis

Plaintiff did not object to Judge Brill's findings that Sheriff Jackson was acting as an arm of the state while performing his law enforcement duties and that Plaintiff therefore failed to state a claim against Sheriff Jackson in his official capacity. The Court does not find any error in these findings. See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (holding that a Georgia sheriff acting in his official capacity is considered an arm of the state and thus is protected from suit in federal court by the Eleventh Amendment); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.")

Plaintiff also did not object to Judge Brill's finding that any claim against Sheriff Jackson in his individual capacity is based solely on a theory of respondeat superior, which is an insufficient basis for § 1983 liability. The Court finds no

error in this finding.  See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (explaining that supervisory liability under § 1983 occurs only when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the supervising official's actions and the alleged misconduct).

Finding no plain error in the Magistrate Judge's findings and recommendations, the Court adopts the R&R and grants Sheriff Jackson's Motion to Dismiss.  Plaintiff's claims for failure to protect, that are asserted against the eight other unnamed officers, may proceed provided, however, that his complaint is amended to allege the identity of each officer and the conduct in which he or she engaged and upon which Plaintiff seeks relief.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Non-Final Report and Recommendation [16] is **ADOPTED**, and Defendant's Motion to Dismiss [12] is **GRANTED IN PART** and **DENIED IN PART**.  The motion to dismiss is granted with regard to the claims asserted against Sheriff Jackson and denied with regard to the remaining Defendants.  **IT IS FURTHER ORDERED** that Plaintiff shall, on or before June 21, 2013, file an amended complaint alleging

facts identifying each of the Unknown Officers and the conduct in which each Unknown Officer is alleged to have engaged.

**SO ORDERED** this 28th day of May, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE