IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNNIE MCCARTHIAN, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-2654-WSD-GGB |
| UNKNOWN OFFICERS, | : | |
|     Defendants. | : | |

## **ORDER**

Plaintiff brings this 42 U.S.C. § 1983 action, alleging that unknown Fulton County officers failed to protect him from an inmate attack. The Court allowed Plaintiff's claims to proceed against the unknown officers, noting that Plaintiff would be allowed to amend his complaint at a later date to supply the identity of the officers involved in the incident. [Doc. 6 at 6, Doc. 13].

Plaintiff was directed by the Court to file an amended complaint alleging facts identifying each of the unknown officers and the conduct in which each unknown officer is alleged to have engaged. [Doc. 18]. Plaintiff has filed an amendment to his complaint providing the names of the officers involved and their alleged involvement in the incident. [Doc. 19]. The officers named are: (1) detention officer M. Melton (2nd shift); (2) sheriff's deputy Major T.J. Lee; (3) sheriff's deputy Johnson (3rd shift); (4) sheriff's deputy Reid (2nd shift); (5) sheriff's deputy Sgt. Wise (2nd shift);

(6) detention officer Ellison (2nd shift); (7) sheriff's deputy Chief Adgar; and (8) sheriff's deputy S. Reese. [*Id.*]. The Clerk is **DIRECTED** to add these officers as Defendants in this action.

**I ORDER** that Plaintiff's failure to protect claims be **ALLOWED TO PROCEED** against Defendants (1) detention officer M. Melton (2nd shift); (2) sheriff's deputy Major T.J. Lee; (3) sheriff's deputy Johnson (3rd shift); (4) sheriff's deputy Reid (2nd shift); (5) sheriff's deputy Sgt. Wise (2nd shift); (6) detention officer Ellison (2nd shift); (7) sheriff's deputy Chief Adgar; and (8) sheriff's deputy S. Reese.

The Clerk **SHALL** send Plaintiff a USM 285 form and summons for Defendants. Plaintiff **SHALL** complete a USM 285 form and summons for each Defendant and return the forms to the Clerk of Court within twenty (20) days of the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk **SHALL** resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk **SHALL** prepare a service waiver package for each Defendant. The service waiver package must include, two (2) Notice of Lawsuit and Request for Waiver of Service of Summons forms (prepared by the

2

Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, and one (1) copy of this Order. The Clerk **SHALL** retain the USM 285 form and summons for each Defendant.

Upon completion of a service waiver package for Defendants, the Clerk **SHALL** complete the lower portion of the Notice of Lawsuit and Request for Waiver form and mail a service waiver package to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fail to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package is mailed, the Clerk **SHALL** prepare and transmit to the U.S. Marshal's Service a service package for that Defendant. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service **SHALL** personally

3

serve the Defendant. The executed waiver form or the completed USM 285 form **SHALL** be filed with the Clerk.

Plaintiff **SHALL** serve upon Defendants or their counsel a copy of every additional pleading or other document that is filed with the Clerk of Court. Each pleading or other document filed with the Clerk **SHALL** include a certificate stating the date on which an accurate copy of that paper was mailed to the defendant or his counsel. This Court will disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Finally, prisoner civil rights cases are automatically assigned to a zero-month discovery track. If any party determines that discovery is required, that party must, within thirty days after the first appearance of a defendant by answer, file a motion requesting a discovery period.

**IT IS SO ORDERED,** this 19th day of July, 2013.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

4

AO 72A
(Rev.8/82)