IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNNIE MCCARTHIAN, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| SGT. WISE and D.O. RICHARD | : | CIVIL ACTION NO. |
| MELTON, | : | 1:11-CV-2654-WSD-GGB |
|     Defendants. | : | |

**ORDER**

Discovery closed in this case on July 7, 2014. On that day, Plaintiff filed a motion to amend his complaint to add a claim under state law against Defendants Wise and Melton, the only remaining Defendants. (Doc. 82.) For the reasons discussed below, I **GRANT** that motion.

**I.   Background**

Plaintiff filed his original complaint in this action in August 2011. (Doc. 1.) Plaintiff alleged that on July 27, 2011, while he was an inmate at the Fulton County Jail (the "Jail"), an inmate who was classified as violent, mentally ill, combative, and homicidal – inmate Stinson – was placed in his cell. (*Id.* at 4-7.) Plaintiff alleged that Stinson threw feces around the cell and assaulted Plaintiff with his fists before other inmates summoned Defendant Melton, a Jail officer. (*Id.*; Doc. 19 at

1.) Plaintiff alleged that he told Melton of the violent attack and that Melton saw the unsanitary conditions in the cell. (Doc. 19 at 1.) Stinson was then removed from Plaintiff's cell. (*Id.*; Doc. 1 at 6.)

Plaintiff further alleged that Melton failed to inform other Jail officers of Stinson's assault and that another officer placed Stinson back in Plaintiff's cell after a shift change. (Doc. 1 at 6-7; Doc. 19 at 1.) Plaintiff alleged that Stinson violently assaulted him again, resulting in serious injuries. (Doc. 1 at 6-7.) Plaintiff alleged that Defendant Wise was a supervisor in Plaintiff's housing unit at the Jail who knew that Stinson was returned to Plaintiff's cell after the first assault and did nothing to stop it.[1] (Doc. 19 at 1.)

Plaintiff's claim in his original complaint was that Jail officials violated his rights by failing to separate Stinson, an inmate they knew was violent before and after Stinson's first alleged assault, from Plaintiff. (Doc. 1 at 4-7.) In addition to describing the alleged facts regarding Stinson's placement in Plaintiff's cell twice in one day, Plaintiff expressly alleged the failure to "separate" at least three times in his original complaint, including in the introductory and concluding sections. (*Id.*)

---

[1] Plaintiff did not know Defendants' names when he filed his original complaint. (Doc. 1.) The Court allowed him to amend his complaint to identify them, which he did in June 2013. (Doc. 19.)

Plaintiff indicated in his complaint that he wished to assert "in [a] single case" all claims arising out of the "factual situation" he described.  (*Id.* at 8.)

Plaintiff attached to his original complaint a typewritten list of items that Fulton County officials agreed to implement at the Jail as a result of a class action lawsuit litigated in this Court.  (*Id.* at 11.)  The list indicates that it is maintained at the Jail and accessible to inmates and staff.  (*Id.* (stating that a complete copy of the Court's Order is kept in the law library for review)).  The second item on the list is "[t]raining of all detention staff according to jail policy."  (*Id.*)  Other items on the list include documented "[s]ecurity rounds of all housing units" every hour and training of Jail staff regarding handling of inmates with mental illness.  (*Id.*)

The Court construed Plaintiff's complaint as asserting a claim under 42 U.S.C. § 1983 that Defendants were deliberately indifferent to his safety in violation of the Eighth Amendment to the Constitution.  (Docs. 6, 13.)  The Court allowed that claim to proceed and dismissed the other claim (for deliberate indifference to medical needs).  (Doc. 13.)  The Court dismissed some Defendants, (Docs. 13, 18), and Plaintiff later dismissed all Defendants except Melton and Wise, (Docs. 81, 83).

3

Plaintiff now seeks to add a claim under state law against Melton and Wise. (Doc. 82-1.) The new claim is that Defendants negligently failed to perform ministerial duties imposed by Jail policies.[2] (*Id.* at 6-10.) Plaintiff contends that Melton failed to follow the policies requiring him to complete an incident report regarding Stinson's assault on Plaintiff and to separate inmates involved in a physical altercation. (*Id.* at 6-7.) Plaintiff contends that Wise failed to follow the policy requiring him, as a supervisor, to obtain information related to altercations that occurred on the prior shift, provide that information to his subordinates, and keep Plaintiff and Stinson separated. (*Id.* at 9-10.) Plaintiff claims that he discovered facts supporting the ministerial duty claims while deposing Defendants in recent weeks. (Doc. 82 at 2-4.) Plaintiff also alleges in his proposed amended complaint that Wise returned Stinson to Plaintiff's cell, (Doc. 82-1 at 4-5), although he testified at his deposition in this case that an officer named Johnson returned Stinson to the cell, (Docs. 86-1, 86-2).

---

[2] Georgia law provides: "all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions." Ga. Const. art. I, § 2, ¶ IX.

4

Defendants oppose Plaintiff's motion to amend his complaint on two grounds. (Doc. 86.) First, they contend that the ministerial duty claims are untimely and do not relate back to the original complaint. (*Id.* at 1-6.) Second, they contend that Plaintiff seeks the amendment in bad faith because the new allegations regarding Wise contradict Plaintiff's deposition testimony and the amendment thus will prejudice Wise. (*Id.* at 6-9.)

## II.  Law Regarding Amendment And Relation Back

Courts have "extensive discretion" in deciding whether to grant leave to amend a pleading, *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (quotation marks omitted), and "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). A proposed amendment may be denied when it "would prejudice the defendant, follows undue delays, or is futile." *Campbell*, 166 F.3d at 1162.

A proposed amendment also may be denied if the claim is barred by the statute of limitations. *Farris v. United States*, 333 F.3d 1211, 1214-15 (11th Cir. 2003). New claims that relate back, under Federal Rule of Civil Procedure 15(c), to the claims in the original, timely complaint may be filed after the limitations period has expired. *Id.* at 1215. As relevant here, Rule 15(c) provides:

5

> **(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
> **(A)** the law that provides the applicable statute of limitations allows relation back; [or]
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading . . . .

Fed. R. Civ. P. 15(c). Under Rule 15(c)(1)(B), a new claim relates back if it arises from the same set of operative facts as the claims in the original complaint. *Id.*; *see Mayle v. Felix*, 545 U.S. 644, 659 (2005) ("[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims.").

A two-year statute of limitations applies to Plaintiff's § 1983 claims and his proposed ministerial duty claims. *See Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996); O.C.G.A. § 9-3-33. Because the underlying events allegedly occurred in July 2011 and Plaintiff did not seek to add the ministerial duty claims until July 2014, those claims are untimely unless they relate back to the filing of the original complaint.

**III.   Analysis**

Plaintiff's ministerial duty claims relate back to his original complaint because the claims arise from the same operative facts as his original claims. I

6

disagree with Defendants that the ministerial duty claims "*set[] forth new facts never alleged in previous complaints*" and require Plaintiff to "prove a completely different set of facts than those alleged in his previous complaints." (*See* Doc. 86 at 5-6.) The ministerial duty claims inject a new legal theory into the case, but they do not inject new operative facts.

As discussed in Part I, above, Plaintiff repeatedly alleged in his original complaint the failure to separate Stinson from him and to report Stinson's first assault as the causes of his injuries and the basis of his legal claims. Plaintiff's ministerial duty claims in his proposed amended complaint are based on the alleged failures to report the first assault and separate the two inmates. (Doc. 82-1.)

While Plaintiff did not expressly allege in his original complaint that the failures to report and separate violated Jail policies, as he alleges in connection with his ministerial duty claims, that allegation was reasonably apparent from the complaint for several reasons. First, Plaintiff attached to his original complaint a list of Jail requirements that included "[t]raining of all detention staff according to jail policy," documenting hourly security rounds of housing units (obviously for reporting and incident prevention purposes), and properly handling mentally ill inmates. (Doc. 1 at 11); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument

7

that is an exhibit to a pleading is a part of the pleading for all purposes."). Second, Plaintiff alleged in his complaint that Defendants were detention staff at the Jail who knew Stinson was mentally ill and that Jail "policy allow[ed] . . . [Defendants] to violate my right[s] by failure to perform detention officer duties . . . in separating viol[ent] inmate in my cell." (*Id.* at 4-5.) Third, Plaintiff stated that he was asserting in this action all claims arising out of the factual situation he described. (*Id.* at 8.) Viewed together, the allegations in the body of the complaint, the exhibit to the complaint, and Plaintiff's statements regarding his claims and the relief he sought put Defendants on notice from the outset of this case that their alleged violation of Jail policy was part of the operative facts underlying Plaintiff's claims.

In short, the essence of Plaintiff's original § 1983 claims and his new ministerial duty claims is identical: Plaintiff was injured because Defendants failed to separate a dangerous inmate from Plaintiff and failed to report the inmate's assault of Plaintiff so that they would be separated. Any defendant who read the initial complaint should have reasonably understood the conduct that is the basis of Plaintiff's ministerial duty claims. *See Tiller v. Atl. Coast Line R.R. Co.*, 323 U.S. 574, 581 (1945) ("There is no reason to apply a statute of limitations when, as here, the respondent has had notice from the beginning that petitioner was trying to

8

enforce a claim against it because of the events leading up to the death of the deceased in the respondent's yard.").

The U.S. Supreme Court has noted that adding "a new legal theory tied to the same operative facts as those initially alleged" is an "unremarkable application of the relation-back rule." *Mayle*, 545 U.S. at 658 n.5 (2005). Indeed, the Supreme Court held that an amendment that "invoked a legal theory not suggested by the original complaint and relied on facts not originally asserted" related back in a case where "[t]here was but one episode-in-suit . . . a worker's death." *Id.* at 659-60 (citing *Tiller*). The plaintiff in *Tiller* alleged only negligence under the Federal Employers' Liability Act in her original complaint and later amended the complaint to add a claim under a different statute based on a newly alleged negligent act. *Id.* at 659.

Like the plaintiff in *Tiller*, Plaintiff has simply invoked a new legal theory for the same "episode-in-suit"; the episode is personal injury allegedly resulting from attacks by another inmate whom Jail officials should have kept away from Plaintiff. Plaintiff's ministerial duty claims arise from the same operative facts that Plaintiff alleged at the outset of this case and thus relate back to the filing of the original complaint for purposes of the statute of limitations. *See Wise v. Cronic*, No.

9

2:12-CV-0291-RWS, 2013 WL 3755609, at *8 (N.D. Ga. July 16, 2013) (allowing amendment because "[t]he new state-law claims that Plaintiffs allege against Bandy and Charlton arise from the same conduct set out in the original pleading – the alleged mistreatment of Plaintiffs by Hall County employees during and after their transfer to the HCDC").

I do not find that Plaintiff seeks to add the ministerial duty claims in bad faith or that adding the claims prejudice Defendants.  While Plaintiff's allegation in his proposed amended complaint that Wise returned Stinson to Plaintiff's cell contradicts his deposition testimony, his ministerial duty claim against Wise does not necessarily turn on who actually returned Stinson to the cell.  The ministerial duty claim is based on the allegations that Wise, as a supervisor, failed to either obtain information about Stinson's first alleged assault of Plaintiff or to report that information to his subordinates and failed to ensure that Plaintiff and Stinson remained separated.  (Doc. 82-1 at 9-10.)  Moreover, Plaintiff may plead alternative and inconsistent claims.  *See* Fed. R. Civ. P. 8(d).  In any event, the issue of whether Plaintiff's testimony is accurate is an evidentiary one for summary

10

judgment or trial proceedings. The presence of that evidentiary issue does not show that Plaintiff has sought to amend his complaint in bad faith.[3]

Plaintiff's ministerial duty claims are focused on Jail policy and Defendants' actions or inaction. Defendants thus will not be prejudiced in defending the claims even though discovery has closed. Defendants have been deposed regarding their conduct and Jail policy and, as discussed above, have had fair notice since the beginning of this case that those factual issues are cental to the case. Defendants may submit in support of any motion for summary judgment their own declarations regarding information not covered in their depositions and any pertinent Jail policies, which should be in their or their counsel's possession. Defendants have shown no reason why the evidence obtained in discovery and that is in their possession (primarily their own testimony) is insufficient to defend against the ministerial duty claims in summary judgment proceedings or otherwise.

---

[3] Similarly, Defendants' arguments that "there is no evidence in the record that supports the contention that Sergeant Wise knew about Plaintiff's previous encounter with Stinson **prior to** the two inmates encountering each other a second time in Plaintiff's cell" and that there "is also no evidence that supports that Wise ever brought Stinson to his cell on the day of the incident" are arguments for summary judgment. (*See* Doc. 86 at 8.)

11

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion to amend his complaint to add a ministerial duty claim against Defendants [82] is **GRANTED**. I **DIRECT** the Clerk to separately docket Plaintiff's second amended complaint [82-1]. All deadlines previously set by the Court remain in effect.

**SO ORDERED** this 23rd day of July , 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)